IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REED MIGRAINE CENTERS OF TEXAS, PLLC, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:14-CV-1204-N |
| JACK CHAPMAN, *et al.*, | § § § | |
| Defendants. | § | |

# **MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiffs Reed Migraine Centers of Texas, PLLC and Neuro Stim Technologies, LLC's (collectively, "Reed Parties") emergency motion to stay the Court's Order granting Rule 60(b)(5) relief [174] and motion for extension of time [173]. For the reasons below, the Court denies the emergency motion to stay but grants the motion for extension of time.

### I. Origin of the Rule 60(b)(5) Dispute

On April 11, 2018, the Court ordered the release of the interpled funds at the center of this dispute to the Reed Parties based on a state court judgment finding the Reed Parties were entitled to the funds as against Ticer. April 11, 2018, Order 2 [167]. After that judgment was overturned by a state appeals court, Ticer moved this Court to order the funds returned. On January 7, 2020, the Court granted him Rule 60(b)(5) relief and ordered the Reed Parties to return the $500,000.00 in interpled funds by February 6, 2020. January 7, 2020, Order 4 [171]. Subsequently, the Reed Parties appealed that Order and moved to

stay the Court's Order pending appellate review. They also moved for an extension of time to comply with the Order.

## II. Legal Standards

### A. Motion to Stay

District courts may grant stays as "an exercise of judicial discretion." *Nken v. Holder*, 556 U.S. 418, 434 (5th Cir. 2009) (internal quotation omitted). In determining whether to issue a stay, courts in the Fifth Circuit look to four factors: "(1) whether the applicant has made a strong showing of likelihood of success to succeed on the merits; (2) whether the movant will be irreparably harmed absent a stay; (3) whether issuance of a stay will substantially injure other interested parties; and (4) where the public interest lies." *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019) (internal citation omitted). The first two factors are generally more significant and may be dispositive. *Id.* at 303; *Nken*, 566 U.S. at 434. "A stay is not a matter of right, even if irreparable injury might otherwise result," and the burden is on the movant to show that a stay is justified. *Nken*, 566 U.S. at 433–34 (internal quotation omitted).

### B. Motion for Extension of Time

Federal Rule of Civil Procedure 6(b)(1)(A) provides district courts the discretion to grant extensions of time for good cause. FED. R. CIV. P. 6(b)(1)(A); *Doss v. Helpenstell*, 699 F. App'x 337, 339 (5th Cir. 2017) ("A district court's decision to grant a request for an extension of time is reviewed only for an abuse of discretion."). "An application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad

faith on the part of the party seeking relief or prejudice to the adverse party." 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (4th ed. 2008).

### III. THE COURT DENIES THE MOTION TO STAY ITS ORDER PENDING THE REED PARTIES' FIFTH CIRCUIT APPEAL

The Court has weighed the factors and found that all four militate against granting a stay. Accordingly, the Court denies the motion to stay.

#### A. Likelihood of Success on the Merits

To prevail on this factor, the Reed Parties must show that they will likely succeed in their appeal of this Court's Order granting Ticer Rule 60(b)(5) relief from judgment. *Nken*, 566 U.S. at 434 ("It is not enough that the chance of success on the merits be better than negligible.") (internal quotation omitted). The Reed Parties' arguments, however, focus on grounds that relate to the underlying state court case, not whether this Court's grant of Rule 60(b)(5) relief was proper.[1] Because the Reed Parties have not shown that they will likely succeed on appeal in arguing that the January 7, 2020, Order incorrectly granted Rule 60(b)(5) relief, this factor weighs against a stay.

#### B. Irreparable Harm

The Reed Parties also have not shown that they will suffer irreparable harm absent a stay pending appeal. Parties must show more than just "some possibility of irreparable

---

[1] While the Reed Parties contend that these grounds — waiver, forfeiture, and Texas lien law — show their entitlement to the funds, those arguments were not appropriate bases for denying Rule 60(b)(5) relief from judgment. This Court's judgment releasing the funds was based on a prior state court judgment, not an independent determination that the Reed Parties were entitled to the funds.

injury" to satisfy this factor. *Nken*, 566 U.S. at 434 (internal quotation omitted). Here, the Reed Parties argue that they will suffer irreparable harm because they do not have the requisite funds currently available to comply with the Court's January 7, 2020, Order. They also argue that complying would impose adverse tax consequences and that even partial compliance would result in less funding to educate people regarding their migraine treatments. None of these arguments establish irreparable harm.

First, the Reed Parties are not currently in a position where they are required to return funds that they do not have because the Court grants in this Order an extension of time to comply with the January 7, 2020, Order. Second, the Reed Parties will not suffer tax consequences, much less irreparable consequences, in the absence of a stay. Although the Reed Parties have claimed the interpled funds as income and paid taxes on those funds, returning the interpled funds will simply entitle them to a tax refund rather than penalties or fines. Finally, the Reed Parties have not shown how any loss of funds to use for advertising their services is irreparable. They have not argued that they will not be able to advertise their services without these funds, and should the Reed Parties ultimately be entitled to the funds, they can use the funds to advertise once they are released again. This factor thus does not favor a stay.

### C. Injury to Other Interested Parties

The Court is likewise not convinced that this factor suggests that the Reed Parties should receive a stay. The Reed Parties argue that Ticer is unlikely to establish he is entitled to the funds and that, at minimum, he is only entitled to his contingency fee rather than the entirety of the interpled funds. It is not necessary that Ticer demonstrate

entitlement to the funds for the Court to determine that he might be harmed by a stay, however. Ticer has a claim against the funds, and if vindicated, will be entitled to payment.[2] As the Reed Parties are already experiencing difficulty in producing the interpled funds upon this Court's Order, there is a tangible risk that a stay allowing them to retain the funds indefinitely pending appeal could jeopardize Ticer's ability to receive payment at all should he be entitled to the funds. This factor thus disfavors a stay.

### D. Public Interest

The final factor weighs against a stay as well. The Reed Parties contend that the public interest in maintaining the status quo suggests a stay should be granted and that the status quo consists of the Reed Parties retaining the funds until Ticer proves entitlement to them. But the status quo here, as this Court found in its January 7, 2020, Order, is that neither the Reed Parties nor Ticer are currently entitled to the interpled funds. Thus, the status quo is most equitably maintained by denying a stay so that the funds are returned to the Court's registry pending a showing of entitlement to them by either party. Because this factor, like the other three, cuts against a stay, the Court denies the motion to stay.

## IV. THE COURT GRANTS THE REED PARTIES AN EXTENSION OF TIME TO COMPLY WITH ITS ORDER

The Court finds that there is good cause for an extension of time and that there is no evidence that the Reed Parties acted in bad faith or that Ticer would be prejudiced by a

---

[2] Because the state court may disagree with the Reed Parties as to what portion of the funds Ticer is entitled to receive should he prevail in that case, this Court declines to stay its Order requiring return of the entirety of the interpled funds in favor of the partial return advocated by the Reed Parties.

ORDER – PAGE 5

thirty-day extension. The Reed Parties do not currently have the requisite funds to comply with this Court's Order but are in the process of securing a loan for the amount of the interpled funds. The Court finds that there is good cause for an extension to enable the Reed Parties to obtain funds or collateral to comply with the Court Order but that a thirty-day extension is more appropriate than a ninety-day extension to avoid prejudice to Ticer. If the Reed Parties are unable to secure their loan in that time, they may look to alternative means of satisfying the Court's Order or file a motion to stay in the court of appeals.

While Ticer notes that the Reed Parties did not file this motion until the close of the original thirty-day window of time this Court gave them to return the interpled funds, that is immaterial. The Reed Parties timely brought this motion prior to the expiration of the deadline they seek to extend, and there is no evidence that they improperly delayed filing. *See* FED. R. CIV. P. 6(b)(1)(A) (stating that courts may grant an extension for good cause "if a request is made[] before the original time or its extension expires"). Ticer has also not shown that he will experience prejudice should the Court grant the extension. The Court thus grants the motion to extend time. The Reed Parties shall have thirty days from the date of this Order to comply with the January 7, 2020, Order.

## CONCLUSION

Because the Reed Parties have not shown that a stay is warranted, the Court denies the motion to stay. The Court grants the motion for an extension of time and grants a thirty-day extension. The Reed Parties have thirty (30) days from the date of this Order to comply with the January 7, 2020, Order.

Signed February 21, 2020.

_____
David C. Godbey
United States District Judge